# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FRED MILANI, <br><br> Plaintiff, <br><br> v. <br><br> ONEWEST BANK, FSB, U.S. BANK NATIONAL ASSOCIATION, AURORA LOAN SERVICES, LLC, ABN AMRO BANK, N.V., DEUTSCHE BANK NATIONAL TRUST COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and JOHN DOE 1 through JOHN DOE 5, <br><br> Defendants. | 1:11-cv-768-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Deutsche Bank National Trust Company's ("Deutsche Bank"), Defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS"), and Defendant U.S. Bank National Association's ("U.S. Bank") Motions to Dismiss [21; 23; 45] Plaintiff Fred Milani's Complaint [1 at 22-60].

I. **BACKGROUND**

This action is the latest in a series of attempts by Plaintiff to avoid foreclosure on real property located at 3687 Briarcliff Road, Atlanta, Georgia ("the Property").[1] In this action, Plaintiff seeks equitable relief to stop foreclosure proceedings and quiet title, and asserts claims for alleged wrongful foreclosure and fraud against the lending and servicing companies that originated, assigned, and serviced Plaintiff's mortgage.

On June 15, 2011, this Court dismissed Defendant OneWest Bank, FSB ("OneWest") and Defendant Aurora Loan Services, LLC ("Aurora") from this action. In dismissing Plaintiff's claims against those Defendants, this Court noted

---

[1] On July 2, 2010, Plaintiff filed a complaint and motion for a temporary restraining order ("TRO"), nearly identical to the Complaint and motion filed in this action. The July 2, 2010, motion was filed in the Superior Court of DeKalb County, Georgia, and removed to this Court on August 4, 2010. Civil Action No. 1:10-CV-02441-WSD. On October 1, 2010, the day after an evidentiary hearing on the TRO, Plaintiff voluntarily withdrew his motion for TRO. On October 4, 2010, Plaintiff filed for bankruptcy. On October 5, 2010, Plaintiff filed a Suggestion of Bankruptcy. On December 3, 2010, Plaintiff voluntarily dismissed the July 2, 2010, action.

On December 15, 2010, Plaintiff's bankruptcy case was dismissed for failure to fund the bankruptcy plan he proposed. On March 1, 2011, the day the most recent foreclosure sale was scheduled for the Property, Plaintiff filed the Complaint in this action and Plaintiff again filed for bankruptcy.

On May 17, 2011, the bankruptcy action filed on March 1, 2011, was dismissed for failure to file required documents and failure to appear at a scheduled hearing. The bankruptcy court, concluding that Plaintiff willfully failed to come before the court in proper prosecution of the case, ordered Plaintiff ineligible to file for Chapter 13 bankruptcy for 180 days from the date of the May 17, 2011, order.

that his Complaint "mimics the various theories advanced by distressed homeowners across the country seeking relief in federal courts" and "contains conclusory allegations and legal conclusions" that are "often illogical, convoluted and confusing." (Order dated June 15, 2011, [24 at 8]).

In opposing these Defendants' Motions to Dismiss, Plaintiff explicitly continues to rely on the allegations and legal theories that this Court rejected in the prior order. [29 at 2 & n.1; 32 at 2 & n.1; 46 at 2 & n.1]. Defendants' liability is premised on their involvement in conduct by OneWest that this Court has already determined not to have been wrongful. In effect, Plaintiff is asking the Court to reconsider its earlier Order, denying that his claims are implausible[2] and seeking a "judicial declaration" of the parties' "rights, duties, and relationships." [29 at 5; 32 at 3; 46 at 3-4]. As the Court stated in its earlier Order:

> Plaintiff does not allege any future act or conduct about which he is uncertain and needs guidance. There is a large degree of certainty in this matter. Plaintiff has already defaulted on his mortgage. When Plaintiff filed his Complaint seeking declaratory relief, the parties' rights already were known: the Security Deed and Note had been signed, all assignments had been recorded, and OneWest was in the process of foreclosing under the power of sale contained in the Security Deed.

---

[2] Plantiff cites paragraphs 83 through 94 of his Complaint as stating a claim or claims against Deutsche Bank, and 112 through 118 against MERS, but none of the paragraphs contains any factual allegations or refers specifically to any of the Defendants remaining in this case.

[24 at 19]. Plaintiff also seeks to amend his Complaint, despite this Court's admonition that "the deficiencies in Plaintiff's Complaint . . . cannot be cured" and that "[a]mendment would be futile and would cause undue delay." [24 at 23].

## II. DISCUSSION

### A. Legal Standard

In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs." Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). Reasonable inferences are made in Plaintiff's favor, but "unwarranted deductions of fact in a complaint are not admitted as true." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotation marks omitted). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 1951 (2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at

4

555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility the defendant acted unlawfully." Sinaltrainal, 578 F.3d at 1261. "The well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570).[3] That is, the Complaint must make direct factual allegations or suggest reasonable inferential allegations for each material element of some viable legal theory. See Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007).

B. Analysis

1. *Deustche Bank's Motion to Dismiss*

Plaintiff's Complaint does not provide any factual basis for the claims against Deutsche Bank. As Deutsche Bank notes, "Plaintiff refers to Deutsche Bank only three times in the entire 148-paragraph Complaint: in jurisdictional allegations at paragraph 5; in paragraph 34 as a 'Custodian' that 'may have played

---

[3] Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

5

[a role] in such securitization transaction'; and at paragraph 98 ('Mr. Milani has reason to believe that, to the extent OneWest is receiving instructions from US Bank, Deutsche Bank, ABN Amro or any other claimed trustee, OneWest is not authorized to conduct a foreclosure at the behest of any such trustee.')" (Deutsche Bank's Mot. to Dismiss [21] at 3).

Plaintiff does not specify the role—if there was in fact one—that Deutsche Bank allegedly played in the foreclosure proceedings. Plaintiff does not allege that he had any communication with Deutsche Bank. Plaintiff, in fact, does not allege any conduct by Deutsche Bank other than to characterize Deutsche Bank as "Custodian." Plaintiff's lack of any plausible claims against Deutsche Bank is demonstrated by his stated reason for naming Deutsche Bank as a defendant: in case "it is determined through the declaratory proceedings that Deutche [sic] Bank was involved in any improper or tortious conduct directed at Mr. Milani." (Pl.'s Resp. Deutsche Bank's Mot. Dismiss 2). That is not a sufficient factual basis to state a plausible claim for relief.

Plaintiff also disputes the validity of the assignment of the Security Deed from MERS to OneWest. But he does not allege that Deutsche Bank participated in any way in the foreclosure proceedings initiated by OneWest, other than vague and conclusory allegations that, as a onetime "custodian" of the note, Deutsche

Bank may have instigated or directed OneWest's actions. There are no allegations in the Complaint that would tend to involve Deutsche Bank one way or another in the assignment of the Security Deed from MERS to OneWest. Plaintiff has failed to state any claim against Deutsche Bank and the claims against Deutsche Bank are required to be dismissed.

        *2.     MERS's Motion to Dismiss*

Plaintiff's claims against MERS are similarly unsupported. This Court already explained that OneWest had the right to foreclose on the Property in the event of Plaintiff's default. A determination that the assignment from MERS to IndyMac Federal Bank, FSB was invalid would be inconsistent with that earlier Order. Plaintiff has failed to present any new facts or changes in the law that would justify the Court in reconsidering its ruling.

As MERS points out, it has had no involvement with Plaintiff's mortgage since it assigned the Security Deed to IndyMac Federal Bank in December 2008. There are no factual allegations suggesting that MERS has had any involvement in Plaintiff's mortgage since that time or that MERS has played any role in the alleged attempted wrongful foreclosures of Plaintiff's property. Plaintiff argues that MERS is liable "because of its voluntary participation in the securitization scheme by which [Plaintiff] has been and continues to be victimized." (Pl.'s Resp.

7

MERS's Mot. Dismiss 6). The allegations that the securitization of a promissory note is illegal or that securitization somehow injured Plaintiff or in any way detrimentally altered his obligations under his Note are frivolous. Plaintiff's claims against MERS are required to be dismissed

### 3. *US Bank's Motion to Dismiss*

Plaintiff has not alleged any facts that would support his claims against US Bank. This Court ruled in its earlier Order that Plaintiff's claims against OneWest failed because OneWest had a right to foreclose on the Property following Plaintiff's default. OneWest then assigned its interest in the Property to US Bank. Plaintiff now asserts the same claims against US Bank, and, because US Bank now holds the same rights that OneWest did at the time the Court issued the prior Order, the claims against US Bank must be dismissed for the same reasons as described in that Order.[4]

---

[4] In its June 15, 2011, Order this Court, in considering Plaintiff's wrongful foreclosure claim, held that OneWest had not breached any duty to Plaintiff and was otherwise entitled to foreclose, that Plaintiff had failed to make the particularized factual allegations necessary to support a fraud claim, that Plaintiff's declaratory judgment claim failed because Plaintiff had not alleged future acts or conduct as to which he needed guidance, that Plaintiff had failed to establish a likelihood of success on the merits as to his claim for injunctive relief, and that Plaintiff had not stated a quiet title claim because he does not hold record or prescriptive title to the property.

### 4. *ABN Amro Bank, N.V.*

Defendant ABN AMRO Bank, N.V.'s ("ABN") Answer to Plaintiff's Complaint was required to be filed on June 28, 2011. ABN never filed its answer and to date has never appeared or otherwise participated in this action. On July 1, 2011, Plaintiff moved for a Clerk's Entry of Default, which the Clerk of the Court entered that same day.

Plaintiff alleges that ABN is a Dutch public limited liability company, (Compl. ¶ 4), that acted as "swap counterparty" in a securitization transaction involving Plaintiff's Note, (id. ¶ 34). The Complaint does not define what is meant by "swap counterparty." Plaintiff also alleges that it is possible that OneWest may have been acting under instructions from ABN and that ABN might possibly be jointly and severally liable for the damages caused by OneWest's allegedly wrongful foreclosure attempts. (Id. ¶¶ 98, 119).

The allegations against ABN are tangential and under-specified. Even if the allegations against ABN in the Complaint are accepted as true as a consequence of ABN's default, there simply is no legal basis for concluding that ABN engaged in any wrongful conduct toward Plaintiff for which it may be held liable. This deficiency will prevent the Court from entering default judgment against ABN. See Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.

1975) (default judgment cannot be entered against a party unless there is "a sufficient basis in the pleadings for the judgment to be entered"); see also Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) (defaulted defendant does not admit facts that are not well-pleaded or conclusions of law).

Moreover, the allegations against ABN, as weakly pleaded as they may be, are simply subsets or repetitions of the allegations against the other defendants. In other words, a default judgment against ABN would conflict with the dismissal of the identical claims and allegations against the other defendants in this action. Under these circumstances, once all non-defaulting defendants have prevailed on the merits, the appropriate course of action is to dismiss the claims against the defaulted defendants that are the same as the claims against the prevailing defendants. See Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 554 (1872) ("The defaulting defendant has merely lost his standing in court. . . . He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others."); Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1512 (11th Cir. 1984) (citing Frow and suggesting that where defendants are similarly situated, sound policy suggests that judgment should not be entered against a defaulting defendant if the other

defendant prevails on the merits). In this case, the claims against ABN are essentially the same as the claims that were dismissed against the other defendants, and the allegations against ABN are not sufficient to support a default judgment. The Court is therefore required to dismiss ABN.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Deutsche Bank's Motion to Dismiss [21] is **GRANTED**.

**IT IS FURTHER ORDERED** that MERS's Motion to Dismiss [23] is **GRANTED**.

**IT IS FURTHER ORDERED** that US Bank's Motion to Dismiss [45] **GRANTED**.

**IT IS FURTHER ORDERD** that Defendant ABN AMRO Bank, N.V. is **DISMISSED**.

**SO ORDERED** this 12th day of October, 2011.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE