[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15378
Non-Argument Calendar
_____

D. C. Docket No. 1:11-cv-007868-WSD

FRED MILANI,

                                                  Plaintiff-Appellant,

versus

ONE WEST BANK FSB,
U. S. BANK NATIONAL ASSOCIATION, et al.,

                                                  Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 17, 2012)

Before MARCUS, WILSON and EDMONDSON, Circuit Judges.

PER CURIAM:

    Plaintiff Fred Milani appeals the district court's grant of Defendants' several motions to dismiss. No reversible error has been shown; we affirm.

BACKGROUND

Plaintiff's complaint included facts and allegations related to foreclosure proceedings taken on Plaintiff's home, real property located at 3687 Briarcliff Road, Atlanta, Georgia ("the property"). Plaintiffs complaint named several defendants, chiefly several large financial institutions: OneWest Bank, FSB; U.S. Bank National Assoc.; Deutsche Bank National Trust Co.; Mortgage Electronic Registration Systems, Inc.; ABN Amro Bank, N.V.; Aurora Loan Services LLC; and certain fictitious parties (together, "the Defendants").[1] Based on the facts in the complaint, Plaintiff raised claims for a declaratory judgment; an emergency temporary restraining order and injunction; wrongful foreclosure; fraud; and quiet title.

In 2005, Plaintiff refinanced some existing debt that was secured by his home by entering into a transaction with IndyMac Bank, FSB. As part of this transaction, Plaintiff signed an adjustable-rate note promising to pay certain monies and a "Security Deed" that granted Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") a "power of sale" on the property. Plaintiff

---

[1] Plaintiff initially filed this action in the Superior Court of DeKalb County, Georgia. A short time later, the action was removed to the United States District Court for the Northern District of Georgia.

has since failed to make one or more of the payments called for under the 2005 note, and Defendant OneWest Bank, FSB ("OneWest") has begun foreclosure proceedings on the property.[2]

Briefly stated, Plaintiff's complaint alleged that Defendant OneWest is incapable of properly foreclosing on the property because the Defendants "separated the pertinent note and security deed in the process of engaging in the "illegal scheme of securitization of residential mortgages" -- leaving the note unsecured and the security deed unenforceable -- and because certain of the assignments of the pertinent security deed were fraudulent or "doctored."[3]

The district court granted Defendants' several motions to dismiss, with prejudice.[4] The district court noted in particular that Plaintiff had failed to allege facts sufficient to support his argument that Defendant OneWest holds no valid security deed and power of sale; that the facts Plaintiff alleged contradicted his

---

[2] According to the complaint (which quotes assignment documents held by Defendant OneWest), Defendant MERS assigned the pertinent security deed to IndyMac Federal Bank, FSB, which -- with the FDIC acting as receiver -- then assigned the security deed to Defendant OneWest. Later, a "corrective assignment" was also made from IndyMac Federal Bank, FSB -- with the FDIC acting as receiver -- to Defendant OneWest.

[3] The complaint also contends that Defendant OneWest failed to comply with the required contractual provisions contained in the security deed when OneWest initiated foreclosure proceedings against the property.

[4] Before granting Defendant U.S. Bank National Assoc.'s motion to dismiss, the district court granted the bank's Motion to Set Aside Default.

claims; that Plaintiff had failed to provide a factual or legal basis for his "separation" argument; and that allowing Plaintiff to amend his complaint would be futile.

## STANDARD OF REVIEW

We review a district court's decision to grant a motion to set aside the entry of a default judgment for an abuse of discretion. See Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984).

We review a district court's dismissal of a case pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. Catron v. City of St. Petersburg, 658 F.3d 1260, 1264 (11th Cir. 2011). We review a district court's refusal to grant leave to amend a complaint for abuse of discretion, but we review the legal conclusion that amendment would be futile de novo. Harris v. Ivax Corp., 182 F.3d 799, 802 (11th Cir. 1999).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). To state a plausible claim for relief, Plaintiffs must go beyond merely

4

pleading the "sheer possibility" of unlawful activity by a defendant and so must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## DISCUSSION

As the district court correctly noted, to pursue properly a declaratory judgment under Georgia law "a party must establish that [a declaratory judgment] is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests." Porter v. Houghton, 542 S.E.2d 491, 492 (Ga. 2001). No uncertainty exists about any future action by Plaintiff in this case; Plaintiff has already defaulted on the pertinent note. On the facts of this case, a declaratory judgment is unavailable because all material rights have accrued based on past events and what Plaintiff seeks is an advisory opinion on the validity of the future act of another party. See Logan Paving Co. v. Peoples Bank & Trust, 395 S.E.2d 287, 288 (Ga. Ct. App. 1990).

"In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and

damages." Gregorakos v. Wells Fargo Nat'l Ass'n, 647 S.E.2d 289, 292 (Ga. Ct. App. 2007) (quotation omitted).

No Georgia law operates to defeat the use of the pertinent security deed in a foreclosure proceeding. Under Georgia law, a security deed which includes a power of sale is a contract that controls "the rights of the parties thereto and their privies." Gordon v. S. Cent. Farm Credit, ACA, 446 S.E.2d 514, 515 (Ga. Ct. App. 1994) (quotation omitted). The assignment of the pertinent security deed diminished none of the instrument's powers. See Ga. Code Ann. 44-14-64(b); Ga. Code Ann. 23-2-114.

The factual allegations in Plaintiff's complaint establish that Plaintiff has defaulted on the pertinent loan obligation; that the pertinent security deed -- signed by Plaintiff -- was assigned from Defendant MERS to IndyMac Federal Bank, FSB to Defendant OneWest; and that OneWest is now initiating foreclosure proceedings on the property. On the facts presented, Plaintiff's complaint does not contain sufficient factual matter -- accepted as true -- to state a wrongful foreclosure claim that is plausible on its face.

The failure of Plaintiff's complaint to state sufficiently a claim for wrongful foreclosure impacts on Plaintiff's quiet title claim. A plaintiff pursuing a quiet title action in Georgia "must assert that he holds some current record title or

6

current prescriptive title, in order to maintain his suit." Smith v. Georgia Kaolin Co., Inc., 498 S.E.2d 266, 267-68 (Ga. 1998) (emphasis omitted) (quotation omitted).  Plaintiff's complaint states that he signed over legal title to the property when he signed the pertinent security deed; his claim of title is premised on OneWest's title having a fatal defect.  Absent a properly-supported claim that OneWest's title has some fatal defect preventing proper foreclosure, Plaintiff's complaint does not contain sufficient factual matter -- even when accepted as true -- to state a quiet title claim that is plausible on its face.

In Georgia, "[t]he tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by the plaintiff, and damage to the plaintiff." Baxter v. Fairfield Fin. Servs., Inc., 704 S.E.2d 423, 429 (Ga. Ct. App. 2010) (quoting Serchion v. Capstone Partners, Inc., 679 S.E.2d 40, 43 (Ga. Ct. App. 2009).  Concealment of material information can support a fraud claim, but a party can only be held liable under such a theory if the party has a duty to disclose or communicate the material information.  See Id.

Plaintiff has failed to identify with particularity a materially false representation made by Defendants, or any valid ground upon which the Defendants could be held liable for concealing material information.  Absent the

7

proper identification of a false representation made by Defendants, Plaintiff's complaint does not contain sufficient factual matter -- accepted as true -- to state a fraud claim that is plausible on its face.[5]

On the facts, it was no error for the district court to deny Plaintiff leave to amend his complaint; any amendment would be futile. Also, the district court acted within its proper discretion in setting aside U.S. Bank's default.

AFFIRMED.

---

[5] Plaintiff's failure to state properly a wrongful foreclosure claim, a fraud claim, or a quiet title claim prevents Plaintiff from properly supporting any request for injunctive relief in this case.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 17, 2012

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 11-15378-BB
Case Style: Fred Milani v. One West Bank FSB, et al
District Court Docket No: 1:11-cv-00768-WSD

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, BB at (404) 335-6179.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs